No. 3203

Second Circuit

HERNDON v. TEXAS & PACIFIC RY. CO.

(March 12, 1929. Opinion and Decree.)
(May 5, 1929. Rehearing Refused.)
(May 20, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Herndon and Herndon, of Shreveport, attorneys for plaintiff, appellee.

Wise, Randolph, Rendall and Freyer, of

Shreveport, attorneys for defendant, appellant.

ODOM, J. Defendant has appealed from a judgment condemning it to pay to plaintiff the value of a horse killed by one of its passenger trains.

The only person who saw the animal struck was the fireman. He testified that when he first saw the animal, it was 125 feet from the track, but he later stated that he first saw it when it was 100 yards away. But we think it makes no difference whether the animal was 125 feet or 300 feet away from the track when the fireman first saw it. He testified that when he first saw the animal, it was approaching the track and that he first informed the engineer of that fact, and that the engineer applied the brakes. The testimony of both the fireman and the engineer shows that the train was running at a speed of approximately 45 miles an hour, and that it was impossible to check the speed or to stop the train in time to avoid striking the horse, and we think there is no negligence on the part of the defendant company on account of its failure to check or stop the train. But the testimony shows that the only precaution taken in order to avoid striking the animal was to apply the brakes. Under the circumstances of this case, that was not sufficient. The animal when first seen was a considerable distance from the track and was approaching the track. It was the fireman's duty to take the usual and ordinary precautions to frighten the animal away from the track; namely, to ring the bell and blow the stock whistle, neither of which was done in this case. When the fireman saw this horse approaching the track, if he had blown the whistle or given any other alarm, the animal would have instinctively run away from the track, and not towards it.

When an animal is seen approaching a railroad track, an effort to stop the train, or to check its speed, is not the only duty which devolves upon the fireman and the engineer. They should make an effort to frighten the animal so as to prevent it from coming upon the track, and their failure to take such precautions is negligence.

In 33 Cyc., p. 1227, the duty of those in charge of trains to blow the whistle or ring the bell in order to frighten animals away from the track is stated as follows:

"Ordinarily, it is the duty of the engineer to use such precautions to frighten animals as soon as they are discovered on the track, or if they are in dangerous proximity to the track or the circumstances make it probable that they will come upon it."

In the case at bar, the animal was seen approaching the track. It was unquestionably the duty of the fireman to blow the whistle or to give some other alarm and we think, if he had done so, the animal would have stopped or gone the other way.

Lapine vs. New Orleans, Opelousas & Great Western Railway, 20 La. Ann. 158.

The testimony amply supports the judgment of the district court, and it is accordingly affirmed, with costs in both courts.