### ALCOCK v. TEXAS & P. RY. CO.
### No. 4552.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

Peterman, Dear & Peterman, of Alexandria, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

J. O. Gunter, of Natchitoches, for appellee.

MILLS, Judge.

Plaintiff seeks to recover the sum of $300, the value of two mules killed by defendant's train on its track between Natchitoches and Natchez, La., on the morning of August 6, 1932. The mules were killed by defendant's fast passenger train going west at about 5:10 a. m., on the date alleged. The morning was foggy and misty; the rails wet and slippery. It was still dark enough to require the use of the headlights. The train was traveling at a speed of from 50 to 55 miles an hour when the mules were first seen by the engineer and fireman, between 300 and 350 feet ahead. One of the mules was just going upon the track. There were six or eight in the drove along the right of way.

As the train, under the existing circumstances, could not be stopped in a distance of less than 1,200 feet, the engineer testified that he considered the striking of the mules as inevitable, and he accordingly did not apply the emergency brake, but did use the full application of the ordinary brake, reducing the speed of the train to about 40 or 45 miles an hour at the moment the mules were hit. The trainmen did not testify that the bell was rung, the whistle or stock alarm sounded. Under the provisions of Act No. 70 of 1886, we therefore can conclude that this was not done.

As it is admitted that the conductor and brakeman, if present, would testify that as the train did not stop they knew nothing of the occurrence, it is evident that the engineer made no extraordinary effort to avoid killing the mules. Had such an effort been made, it would most certainly have attracted the attention of the train crew.

Nine panels of the right of way fence were down near the scene of the killing. There is no testimony as to how long it had been down. The section foreman says that before the accident it was in good condition, but he does not say how long before. Because of equine hair being found on the wires, defendant contends that these particular mules knocked the fence down. We do not think that this necessarily follows, even though the tracks indicated that the mules entered upon the right of way through this opening.

We conclude from the whole testimony that the engineer was negligent in failing to sound some warning. While these efforts might not have prevailed, we think that plaintiff was entitled to the chance that, had this been done, the mules would have been frightened from the track and the killing prevented. In Herndon v. Texas & Pacific R. Co., 10 La. App. 588, 120 So. 699, we find: "When an animal is seen approaching a railroad track, an effort to stop the train, or to check its speed, is not the only duty which devolves upon the fireman and the engineer. They should make an effort to frighten the animal so as to prevent it from coming upon the track, and their failure to take such precautions is negligence."

The preponderance of the testimony supports the valuation claimed.

The judgment appealed from is correct and is accordingly affirmed.